UNITED STATES of America, Appellee,

v.

Richard LAWLOR, Defendant–Appellant.

Docket No. 98–1127

United States Court of Appeals,
Second Circuit.

Submitted Nov. 12, 1998.

Decided Feb. 23, 1999.

Paul D. Silver, Assistant United States Attorney for the Northern District of New York, Albany, N.Y. (Thomas J. Maroney, United States Attorney, of counsel) for Appellee.

Hollie E. Bethmann, The Bethmann Law Firm, P.C., Rensselaer, NY, for Defendant–Appellant.

Before: CALABRESI and STRAUB, Circuit Judges and TSOUCALAS, Judge.*

STRAUB, Circuit Judge:

Defendant-appellant Richard Lawlor appeals from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge* ), convicting him, following the entry of a guilty plea, of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and sentencing him principally to the statutory maximum of twelve months' imprisonment.[1] On appeal, Lawlor contends, among other things: (1) that the government breached the plea agreement; (2) that the District Court erred by enhancing his base offense level by three levels pursuant to § 2A2.4(b)(1) of the Sentencing Guidelines; (3) that the District Court abused its discretion by imposing as a special condition of supervised release that

---

* The Honorable Nicholas Tsoucalas, of the United States Court of International Trade, sitting by designation.

1. 18 U.S.C. § 111(a)(1) provides in pertinent part:

(a) In General.—Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .

. . . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

Since Lawlor pleaded guilty pursuant to the plea agreement to simple assault on a corrections officer, his maximum sentence was one year imprisonment.

he participate in a drug and alcohol abuse rehabilitation program; and (4) that the District Court should have granted his application for a downward departure. We hold that the government breached the plea agreement when it affirmatively agreed with the Presentence Report's application of Sentencing Guidelines § 2A2.4(b)(1) because this position was fundamentally inconsistent with the government's stipulation in the plea agreement that § 2A2.3 of the Guidelines was the applicable provision for Lawlor's offense. Accordingly, without addressing Lawlor's additional arguments, we vacate the sentence and remand to the District Court for resentencing.

## BACKGROUND

In 1993, Lawlor was sentenced to ninety-three months' imprisonment on charges unrelated to those in this case and was incarcerated at the Federal Correctional Institution at Ray Brook, New York. On November 17, 1994, Lawlor was involved in an altercation with his cellmate. When a corrections officer observed the fight, he ordered the two prisoners to stop, but his order was ignored. Several corrections officers were then called to the scene, and Lawlor was ordered out of his cell. When he refused to comply, the officers entered the cell to remove him forcibly. Lawlor resisted, and during the fracas, he may have struck one of the officers in the face. Lawlor was subsequently indicted by a grand jury on August 16, 1995, in a two count indictment that charged him with assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111(a)(1) (Count One) and with possessing a prohibited "homemade knife" in violation of 18 U.S.C. § 1791(a)(2) (Count Two).

In early November 1995, Lawlor and the government entered into a plea agreement in which Lawlor agreed to plead guilty to violating 18 U.S.C. § 111(a)(1) for simple assault

of a corrections officer with a statutory maximum sentence of one year imprisonment; in return, the government agreed to move to dismiss Count Two of the Indictment and not to oppose a two-level downward adjustment for acceptance of responsibility pursuant to § 3E1.1(a) of the Guidelines. Among the other terms of the plea agreement was a stipulation that the government "agrees that Section 2A2.3 of the Guidelines, Minor Assault, is applicable to Count One" to determine Lawlor's base offense level. See U.S. Sentencing Guidelines Manual § 2A2.3.[2] Pursuant to this agreement, Lawlor pleaded guilty on November 9, 1995, to violating 18 U.S.C. § 111(a)(1).

The Presentence Report ("PSR") as completed by the U.S. Probation Office recommended that the court apply Sentencing Guideline § 2A2.4 ("Obstructing or Impeding Officers"), instead of § 2A2.3 as stipulated in the agreement, to determine Lawlor's base offense level.[3] The PSR also recommended a three-level enhancement pursuant to § 2A2.4(b)(1) of the Guidelines for conduct that "involved physical contact" because Lawlor allegedly struck an officer in the face during the struggle in Lawlor's cell.

After reviewing the PSR, Lawlor submitted a letter to the District Court registering his objections to the report. Lawlor argued that the District Court should not apply a § 2A2.4(b)(1) enhancement because Lawlor had pleaded guilty only to resisting an officer and that his offense involved "insignificant physical contact." Lawlor also contended that the officers, in attempting to remove him from his cell, had initiated the physical contact. In addition, Lawlor moved for a downward departure on various grounds. However, although Lawlor objected to the three-level § 2A2.4(b)(1) enhancement, he never objected to the use of § 2A2.4 generally.

---

2. Sentencing Guidelines § 2A2.3 ("Minor Assault") generally provides a base offense level of three. "[I]f the conduct involved physical contact, or if a dangerous weapon (including a firearm) was possessed and its use was threatened," the base offense level increases to six. U.S. Sentencing Guidelines Manual § 2A2.3.

3. Sentencing Guideline § 2A2.4 ("Obstructing or Impeding Officers") provides for a base offense level of six; § 2A2.4(b)(1) requires a three-level enhancement "[i]f the conduct involved physical contact, or if a dangerous weapon (including a firearm) was possessed and its use was threatened." U.S. Sentencing Guidelines Manual § 2A2.4.

At the sentencing hearing on March 14, 1996, the District Court noted the objections to the PSR that Lawlor had raised in his letter and asked Lawlor's counsel if she wanted to add anything to the arguments she had previously made. Lawlor's counsel declined and rested on her letter, noting that "it's obvious and clear from the Court's statements that you read my application." The District Court then asked the government if it wished to respond to the defendant's arguments, and the government stated that "the government feels that the Presentence Report was appropriately scored in the first instance." The District Court then rejected all of Lawlor's arguments, finding "that [the Court is] in agreement with the government [that] the enhancement [under § 2A2.4(b)(1)] is appropriate under the circumstances set forth in this case and the submissions of the defendant." Lawlor's motion for a downward departure was implicitly denied, and he was sentenced to the statutory maximum of twelve months' incarceration to run consecutively with his undischarged term of imprisonment. The District Court also imposed a one year term of supervised release, a special condition of which required Lawlor to attend a substance abuse treatment program following his release from prison.

This appeal followed.[4]

## DISCUSSION

 Lawlor's central contention on appeal is that the government breached the plea agreement because, although the government stipulated that § 2A2.3 (Minor Assault) of the Sentencing Guidelines applied to Lawlor's offense, it nonetheless informed the Probation Office that it had no objections to the Presentence Report, which utilized § 2A2.4 to determine Lawlor's base offense level, and informed the District Court at sentencing that "the government feels that the Presentence Report was appropriately scored in the first instance."

 At the outset, Lawlor's counsel concedes that she failed to object to either of these alleged breaches of the plea agreement, and, indeed, the record reflects that Lawlor's counsel failed to object to the application of § 2A2.4 either in her objections to the PSR or at sentencing. Accordingly, the government maintains that we are bound to apply a plain error standard of review. We disagree. We have previously stated that a defendant is not required to object to the violation of a plea agreement at the sentencing hearing. *See, e.g., United States v. Salcido-Contreras,* 990 F.2d 51, 52 (2d Cir.) (per curiam), *cert. denied,* 509 U.S. 931, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993) ("While [the defendant] did not object to this alleged violation of the plea agreement at the time of sentencing, there is no requirement that he do so."). Thus, Lawlor's claim is not barred by his failure to raise this issue with the District Court, nor are we bound to apply a plain error standard of review.

 "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement," and "any ambiguity should be resolved against the government." *United States v. Miller,* 993 F.2d 16, 20 (2d Cir.1993). Moreover, "[b]ecause plea bargaining requires defendants to waive fundamental constitutional rights, we hold prosecutors engaging in plea bargaining to the most meticulous standards of both promise and performance." *United States v. Velez Carrero,* 77 F.3d 11, 11 (1st Cir.1996) (internal quotation marks omitted).

 Lawlor first argues that the government breached the plea agreement by failing

**4.** After judgment was entered on March 25, 1996, Lawlor filed a notice of appeal *pro se.* However, the notice of appeal was not submitted to the Clerk until April 24, 1996, well after the ten day period for filing an appeal had elapsed. *See* Fed. R.App. P. 4(b). Lawlor moved for an extension of time to file his appeal, and, while that motion was pending, his appeal proceeded. On March 14, 1997, this Court remanded the case to the District Court to consider whether Lawlor's default resulted from excusable neglect, which would have extended his time to file by thirty days. *See* Fed. R.App. P. 4(b). On February 6, 1998, the District Court ruled in Lawlor's favor on his motion to extend his time to appeal, finding that the failure to file the notice was the result of excusable neglect and that the government would suffer no prejudice if the motion were granted.

to object to the PSR's use of Guideline § 2A2.4. In the plea agreement, the government specifically stipulated "that Section 2A2.3 of the Guidelines, Minor Assault, is applicable to Count One." However, neither this stipulation nor any language in the remainder of the agreement obligated the government to bring the issue to the attention of Lawlor or the District Court at the sentencing hearing, or to object to the PSR on the defendant's behalf. *See Salcido–Contreras,* 990 F.2d at 53 (holding that the government did not breach a plea agreement because "no provisions in the agreement remotely compel the government to justify to the court conclusions agreed to by the parties in the plea agreement or make any representations on [the defendant's] behalf at sentencing"); *cf. United States v. Peglera,* 33 F.3d 412, 413 (4th Cir.1994) (noting that "the government's duty in carrying out its obligations under a plea agreement is no greater than that of fidelity to the agreement") (internal quotation marks omitted). Thus, the government's failure to object to the PSR did not constitute a breach of the plea agreement.

Although the government was not obligated to advocate on the defendant's behalf, Lawlor also contends that the government breached its agreement by affirmatively arguing to the District Court that the PSR correctly determined that § 2A2.4(b)(1) should apply to Lawlor's conduct. Clearly, the government was bound by its stipulation in the plea agreement that § 2A2.3 was "applicable to Count One." Yet, at the sentencing hearing, when the government was asked for its position with respect to the defendant's objection to the PSR's recommendation that a three-level enhancement for physical contact pursuant to § 2A2.4(b)(1) be applied, it stated that "the government feels that the Presentence Report was appropriately scored in the first instance." Thus, the government agreed that § 2A2.4(b)(1) applied, even though § 2A2.4(b)(1) is a "specific offense characteristic" relevant only to conduct punishable under § 2A2.4. *See* U.S. Sentencing Guidelines Manual § 2A2.4(b)(1).

The government maintains that its statement to the District Court—that "the government feels that the Presentence Report was appropriately scored in the first instance"—was nothing more than a response to the District Court's inquiry with respect to the appropriateness of the application of § 2A2.4(b)(1). However, by concurring with the Presentence Report's application of § 2A2.4(b)(1), it implicitly agreed with the application of § 2A2.4, since § 2A2.4(b)(1) is only relevant to conduct punishable under § 2A2.4. Indeed, it is clear that if the government had explicitly argued to the District Court that § 2A2.4 was the relevant Guideline, it would have breached the plea agreement. We see no principled difference between supporting the applicability of § 2A2.4 generally on the one hand—which would clearly have constituted a breach of the plea agreement—and arguing in favor of the applicability of § 2A2.4(b)(1) on the other. Therefore, we conclude that the government's statement constituted a breach of the agreement. *Cf. United States v. Enriquez,* 42 F.3d 769, 770–772 (2d Cir.1994) (government consented to remand for resentencing where, in addition to the terms of a plea agreement, it orally agreed not to "contest that [the defendant] be given a two point adjustment for acceptance of responsibility" but then submitted a letter to the Probation Department arguing against such an adjustment).

■ We reiterate the admonition that we have expressed to the government on other occasions "that [it] take much greater care in fulfilling its responsibilities where plea agreements are involved." *United States v. Brody,* 808 F.2d 944, 948 (2d Cir.1986). Given the government's often decisive role in the sentencing context, we will not hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness. Under the circumstances of this case, because it had agreed that § 2A2.3 should apply to Lawlor's offense, the government was bound not to disavow that arrangement by stating its belief that § 2A2.4(b)(1) was correctly applied. At the very least, to avoid any potential contravention of the plea agreement, the government should have informed the District Court that it could not take a position with respect to the applicability of § 2A2.4(b)(1) based upon its stipulation with respect to § 2A2.3.

We turn next to the question of the appropriate remedy for the government's breach. Generally, "[t]he remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement." *Brody*, 808 F.2d at 947; *see also 1–95–CV–553–P1 v. 1–95–CV–553–D1*, 75 F.3d 135, 137 (2d Cir. 1996). In this case, Lawlor seeks only specific performance of the plea agreement—i.e., that the government should refrain upon resentencing from arguing to the District Court that § 2A2.4 and § 2A2.4(b)(1) are appropriately applied to Lawlor's offense.[5] Accordingly, we vacate the sentence and order that the defendant be resentenced.

Finally, as we have done in other cases in which the government has breached a provision of a plea agreement, we remand this case for resentencing before a different district judge. *See, e.g., United States v. Gaviria*, 49 F.3d 89, 92 (2d Cir.1995); *Enriquez*, 42 F.3d at 772. We recognize that this is an extraordinary act, but, as we stated in *Enriquez*:

> The effect of the government's breach of its commitment is difficult to erase if the case remains before the same judge, because the judge's decision ... was based on his assessment of the facts. As the facts on remand will be the same, regardless of the arguments advanced by the PSR and the government, it is likely that the same judge would reach the same result as he reached before.... Resentencing before the same judge might therefore deprive the defendant of the benefit he was promised in the plea agreement.

42 F.3d at 772. We hasten to add, however, that "our granting this relief implies not even the slightest criticism of the actions of the district judge.... His disqualification results not from any inappropriate action on his part, but by reason of the government's failure to adhere to its contractual·obligation." *Id.* at 771–72.

**5.** Since a three-level enhancement for "conduct involv[ing] physical contact" is also permitted under § 2A2.3 (the section that the parties agreed was applicable), the government is free to assert that such an enhancement should apply,

# CONCLUSION

For the foregoing reasons, because the government breached its plea agreement with Lawlor, we vacate the judgment and remand to the District Court for resentencing before a different district judge. We decline to reach Lawlor's other claims of error.

providing that its argument does not either directly or indirectly take the position that § 2A2.4 is the applicable Guideline for determining Lawlor's base offense level.