**UNITED STATES of America,**
**Appellee,**

v.

**Frederick WALL, Defendant–Appellant.**

**Docket No. 01–1419.**

United States Court of Appeals,
Second Circuit.

June 18, 2002.

Sam A. Schmidt; Kristian K. Larsen, on the brief, New York, NY, for Appellant.

David Raymond Lewis, Assistant United States Attorney; Mylan L. Denerstein, Assistant United States Attorney, of counsel; David C. Esseks, Assistant United States Attorney, of counsel; James B. Comey, United States Attorney, on the brief, United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Present MINER, CABRANES and POOLERS, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Defendant Frederick Wall timely appeals from a judgment of conviction entered by the District Court on July 27, 2001. On December 11, 2000, Wall pleaded guilty pursuant to a written plea agreement with the Government to one count of conspiracy to commit mail, wire, and securities fraud, in violation of 18 U.S.C. § 371, based on a scheme to defraud purchasers of alleged private placement stock. After enumerating the relevant sentencing calculations for Wall's crime, the plea agreement concluded that "the defendant's stipulated [S]entencing Guidelines range is 24 to 30 months," Plea Agreem. of Frederick Wall at 2. Wall was principally sentenced to thirty months of imprisonment.

Wall contends that his sentence should be vacated and that the case should be remanded to a different district court judge for resentencing, because (1) the Government violated its plea agreement with Wall by filing a motion to deny Wall a two-point reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a); and (2) the District Court was influenced by the Government's strenuous opposition to this reduction, even though the Court denied the Government's motion. Wall argues that, under the plea agreement, the Government was only permitted "to seek denial of the adjustment for acceptance of responsibility ... [if it were] determined that the defendant ha[d] either (i) engaged in conduct, unknown to the Government at the time of the signing of th[e plea a]greement, that constitute[d] obstruction of justice or (ii) committed another crime after signing th[e a]greement," Plea Agreem. of Frederick Wall at 3. Wall insists that the Government's motion was not based on either of these two permissible grounds and that, therefore, the Government violated the plea agreement. In addition, Wall claims that the fact that the District Court imposed a sentence of imprisonment at the top of the applicable Sentencing Guidelines range indicates that the District Court was influenced by the Government's opposition to crediting Wall for his acceptance of responsibility.

In contrast, the Government argues that Wall committed perjury in a related civil action brought by the Securities and Exchange Commission ("SEC") after signing the plea agreement, which, under the terms of the agreement, justified the Government's motion opposing credit for acceptance of responsibility, as this constituted "commi[ssion of a] crime after signing th[e a]greement," *id.* The Government concedes, however, that in its motion and in its remarks at the sentencing hearing, it failed "to invoke unambiguously the operative clause of the Plea Agreement that entitled the Government to oppose the adjustment for acceptance of responsibility."

Appellee's Br. at 18–19. In fact, in the initial phase of the hearing, the Government flatly denied that its motion was brought pursuant to either of the two clauses in the plea agreement that permitted the Government to oppose credit for acceptance of responsibility. U.S. Dist. Ct. Sentencing Hr'g Tr. of 7/25/01, at 5. Instead, the Government simply claimed that "Mr. Wall said things post plea [in his SEC deposition] that were different from what he said in his allocution and in his proffer that in our view was post plea conduct that was not in the spirit of accepting responsibility for his conduct that he had pled guilty to before [the Court]." *Id.* at 5–6. Later in the hearing, however, the Government stated that "one could look at what Mr. Wall did and the statements to the SEC and construe it as obstruction, perhaps construe it as perjury." *Id.* at 12.

The Government further argues that even if it violated the plea agreement as alleged, Wall did not suffer any prejudice, since the District Court denied the Government's motion, awarded Wall the reduction for acceptance of responsibility, and sentenced Wall within the range stipulated in the plea agreement.

In addition, the Government contends that it "was entitled to present to the Court Wall's false deposition testimony [before the SEC]," as the plea agreement "specifically contemplated that the Government could present to the District Court 'any facts relevant to sentencing'" and "could 'make any arguments regarding where within the Sentencing range determined by the Court the defendant should be sentenced.'" Appellee's Br. at 23, 24, 28 (quoting Plea Agreem. of Frederick Wall at 3).

Assuming *arguendo* that the Government violated the plea agreement by filing its motion opposing credit for Walls' accep-

tance of responsibility, Wall suffered no prejudice, since the District Court (1) denied the Government's motion, (2) awarded Wall the reduction for acceptance of responsibility, and (3) sentenced Wall within the range stipulated in the plea agreement. In a letter to the District Court, Wall solely requested specific performance of the plea agreement in response to the Government's application to disallow the acceptance of responsibility adjustment. *See Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (noting that remedy for breached plea agreement is either specific performance or withdrawal of plea); *United States v. Lawlor,* 168 F.3d 633, 638 (2d Cir.1999) ("Generally, '[t]he remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement.'" (quoting *United States v. Brody,* 808 F.2d 944, 947 (2d Cir.1986))). Wall stated,

> Mr. Wall does not wish to vacate his plea nor be required to contest the Government's application. *If Mr. Wall can be placed in the posture he would have been [if] not for the application, either by* the withdrawal of the Governement's application *or your Honor's denial of the application,* Mr. Wall ... will withdraw his application to vacate his plea and *stand ready to be sentenced.*

Letter of Sam A. Schmidt to Judge Chin of 7/23/01, at 2 (emphasis added). Wall was granted his request, as the plea agreement stated that "the defendant's stipulated [S]entencing Guidelines range is 24 to 30 months," Plea Agreem. of Frederick Wall at 2, and the District Court imposed a sentence of imprisonment of thirty months. Thus, Wall received precisely the sentence for which he bargained under the plea agreement. *See United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993) (*per curiam*) ("In no circumstance ...

may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.").

Finally, the record contradicts Wall's claim that, despite denying the Government's motion opposing a reduction for Wall's acceptance of responsibility, the District Court was influenced by the Government's position. Rather, it appears that the District Court imposed a sentence of imprisonment at the top of the stipulated range primarily based on Wall's prominent role in the offense and the amount of intended loss suffered by the victims. The District Court stated,

All right. I am ready to impose sentence. Mr. Wall, please rise. I[ ] think I have allowed you the two-level adjustment [for acceptance of responsibility], but it is clear to me that you have never fully accepted responsibility from the day of your guilty plea when we had to—almost like pulling teeth, and it continued thereafter.

You played a significant role. I think your role is more substantial than many of the others. You were recruiting people into the scheme. I don't accept that you were an innocent participant until the very end, not based on what I know of the operation. I don't think anybody who participated could have thought that this was an innocent operation for any period of time.... You had a significant role.

The plea agreement stipulates that the intended loss was more than $500,000. So in any event, for all of these reasons it is hereby the judgment and sentence of this court that the defendant Frederick Wall shall be and here[by] is sentenced to a tem of imprisonment of 30 months....

U.S. Dist. Ct. Sentencing Hr'g Tr. of 7/25/01, at 20–21.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.