UNITED STATES of America,
Appellee,

v.

David SANTANA, Defendant–Appellant.

No. 04–0290–CR.

United States Court of Appeals,
Second Circuit.

Oct. 28, 2004.

Stephan J. Baczynski, Assistant United States Attorney (Douglas E. Gregory, Assistant United States Attorney), for Michael A. Battle, United States Attorney for the Western District of New York, for Appellee, of counsel.

Michael P. Schiano, Schiano Law Office, Rochester, N.Y., for Defendant–Appellant.

Present: McLAUGHLIN, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Defendant–Appellant David Santana appeals his sentence for conspiring to distribute cocaine in violation of 21 U.S.C. § 846. We assume familiarity with the proceedings below and the arguments on appeal, and we affirm for the reasons that follow.

■ Reviewing the district court's interpretation and application of the Sentencing Guidelines *de novo* and its findings of fact for clear error, *United States v. Fiore*, 381 F.3d 89, 92 (2d Cir.2004), we conclude that the district court correctly calculated the defendant's criminal history based on factual findings that were not clearly erroneous. Santana's DWAI conviction is countable under U.S.S.G. § 4A1.2, *see United States v. Moore*, 968 F.2d 216, 225 (2d Cir.1992), and his one-year conditional discharge, which could have been revoked if he committed another offense, *see* N.Y. Penal Law § 65.05(2) (McKinney 2004), involved a sufficient supervisory component to qualify as a "criminal justice sentence," *see United States v. Labella–Szuba*, 92 F.3d 136, 138 (2d Cir. 1996).[1] Because grand jury testimony as well as the plea agreement itself amply supports the inference that the defendant committed conduct relevant to the instant offense during a period of conditional discharge, the district court correctly enhanced the defendant's criminal history category by two points pursuant to U.S.S.G. § 4A1.1(d) & cmt. n. 4 (Nov. 1, 2002), rendering him ineligible for the safety valve. *See* 18 U.S.C. § 3553(f)(1).

■ Having reviewed the plea agreement *de novo*, *see United States v. Palladino*, 347 F.3d 29, 32 (2d Cir.2003); *United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir.1999), we conclude that the government did not breach it by stating, in its Statement with Respect to Sentencing Factors, that it did not object to the Pre–Sentence Report's calculations. The government is not obligated to object to a calculation that deviates from the plea agreement, *see Lawlor*, 168 F.3d at 637,

and, having summarized the Pre–Sentence Report's recommendations, it explicitly avoided taking a position on their merits, citing *Lawlor*. The government fulfilled its obligations to the defendant. In any event, in the plea agreement, defendant acknowledged the government's reserved right to modify its criminal history position if it subsequently received previously unknown information that was relevant to this Guidelines factor. There appears to be no question that the facts prompting a higher criminal history calculation in the Pre–Sentence Report fell within this reservation provision.

For the foregoing reasons, the judgment of the district court is AFFIRMED. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider Santana's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

---

1. *United States v. Sanders*, which did not consider whether the defendant in that case was "under any criminal justice sentence" at the time of the instant offense, U.S.S.G. § 4A1.1(d), and which merely held that a one-year conditional discharge is not equivalent to one year's "probation" within the meaning of a different provision, *see* § 4A1.2(c)(1)(A), is not to the contrary. 205 F.3d 549, 551–52 & n. 8 (2d Cir.2000) (per curiam).