**UNITED STATES of America,**
**Appellee,**

v.

**Tyler BULLUCK, Defendant–Appellant.**

**No. 05–3154–CR.**

United States Court of Appeals,
Second Circuit.

May 19, 2006.

John A. Cirando (D.J. Cirando and Rebecca A. Crance, on the brief), D.J. & J.A. Cirando, Syracuse, NY, for Appellant.

Richard R. Southwick, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York; Elizabeth Riker, Assistant United States Attorney, on the brief), Office of the United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: RICHARD J. CARDAMONE, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Tyler Bulluck appeals from a judgment of conviction entered by the District Court on June 13, 2005, on one count of conspiracy to commit federal firearms offenses, in violation of 18 U.S.C. § 371, and one count of theft from a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(u). Following a hearing on June 9, 2005, the District Court sentenced Bulluck principally to a 72–month term of imprisonment, which he is currently serving.

On December 7, 2004, Bulluck entered into a plea agreement with the Government in which he agreed to plead guilty to the first two counts in the indictment [1] and sign a waiver of appeal specifying that he "knowingly and voluntarily waives any and all constitutional challenges to the application of the United States Sentencing Guidelines and related statutes, including any challenge based on *Blakely v. Washington*, [542] U.S. [296] (2004)." In return, the United States agreed that it would move to dismiss the latter two counts in the indictment, *see* note 1, *ante*, and make the following recommendations to the District Court regarding the calculation of Bulluck's sentence:

a. The United States will advocate that the base offense level is 14 pursuant to U.S.S.G. § 2K2.1(a)(6), as the defendant was a prohibited person at the time of the commission of these offenses by virtue of his admitted status as an unlawful user of illegal controlled substances. The United States will further advocate that an additional six (6) points are added because this conspiracy involved between 25 and 99 firearms ... and an additional two (2) points are added ... because the firearms were altered by the defendant and his coconspirators to obliterate their manufacturer's serial numbers. The United States will advocate that an additional four (4) points be added because the defendant possessed and/or transferred firearms with the knowledge, intent or reason to believe that it would be used or possessed in connection with another felony offense.... The United States will advocate that Tyler C. Bulluck was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive and therefore an additional four (4) points be assessed.... If the defendant continues to demonstrate "acceptance of responsibility" for the offense of conviction through the time of sentencing, the U.S. Attorney's Office will recommend a 3–level downward adjustment....

b. The defendant's Criminal History Category cannot be definitively determined prior to the completion of the presentence investigation.

The Government further indicated in the plea agreement that it would "bring no further federal criminal charges against

---

1. The original indictment contained two additional counts that the Government ultimately moved to dismiss during the sentencing proceeding. Count 3 alleged that Bulluck was in possession of stolen firearms, in violation of 18 U.S.C. § 922(j), and Count 4 alleged that Bulluck was in possession of an unregistered short-barreled rifle, in violation of 26 U.S.C. § 5861(d).

[Bulluck] relating to the conduct" charged in the indictment.

At the plea colloquy on December 7, 2004, the Government reiterated that "the plea agreement which the defendant has signed ... contains the United States' projected sentencing guidelines," and clarified that while "the United States will advocate for these, ... the defendant has not agreed to them."

Despite these assurances, however, the Government—both in its July 7, 2005 Sentencing Memorandum to the District Court and at the June 9, 2005 sentencing hearing—expressly adopted and advocated the sentencing calculation set forth in the Pre–Sentencing Report ("PSR").[2] Notably, the PSR's sentencing calculation differed in key respects from that which the Government had indicated in the plea agreement that it would recommend. First, the PSR recommended a base offense level of 18, rather than 14, because it alleged that there was a common scheme or same course of conduct between the two counts to which Bulluck pleaded guilty and the count charging him with illegal possession of a short-barreled rifle—a count to which he did not plead guilty. Second, unlike the Government's original calculation, the PSR did not recommend a 4-level increase for Bulluck's alleged leadership role in the theft. The PSR arrived at a total offense calculation of 27, which, in Criminal History Category I, corresponded to a sentencing range of 70–87 months. While the ultimate sentencing range recommended in the PSR was the same as that which the Government agreed to recommend in the plea agreement, these calculations were

based on different assumptions about the nature of Bulluck's conduct. More importantly, the District Court, in making findings and calculating Bulluck's sentence as recommended in the PSR, appears to have relied in part on the Government's endorsement of that calculation.

■ Bulluck raises three claims on appeal. First, he contends that his waiver of his right to appeal his sentence is unenforceable because the waiver was not knowingly and voluntarily entered. Specifically, Bulluck asserts that he was not fully informed about the consequences of his waiver because neither the District Court nor the Government notified him of the realistic chance that the Sentencing Guidelines could be declared non-binding in two cases then pending before the Supreme Court: *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its companion case, *United States v. FanFan.* Upon our review of the record, we hold that Bulluck knowingly and voluntarily waived his right to appeal because (1) the plea agreement refers to the waiver of "any challenge based on *Blakely v. Washington,* [542] U.S. [296], 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004)," and (2) the District Court provided Bulluck with ample notice about the meaning of the waiver provision in his plea agreement, stating:

> And I advise you at this time that there are two cases pending in the Supreme Court, ... which will make a determination as to whether or not these [Sentencing] [G]uidelines are mandatory, whether they are pure guidelines or something

---

2. In its June 7, 2005 memorandum, the Government expressly "adopt[ed] the offense level computations, the criminal history score, and the resulting Guidelines sentencing range set forth in the Presentence Investigation Report." At the June 9, 2005 hearing, counsel for the Government stated: "Your honor, I believe that the Probation Department has

correctly calculated [the base offense level]. This was a sawed-off rifle, and the facts of this case clearly indicate that the defendant was engaged over a long period of time in acquiring weapons and selling them or trading them for drugs. He did that on a number of occasions."

else in between.... The fact is, and I remind you again, that under your plea agreement, you have given up your right to appeal unless I sentence you to more than eighty-seven months.... Now that you have [been] informed about the maximum penalties and how the [S]entencing [G]uidelines might or might not affect you, do you still want to enter a plea of guilty to Counts 1 and 2 of the indictment?

Of course, even if such warnings had not been provided, Bulluck could not have avoided the waiver because "the possibility of changes in the law is simply one of the risks allocated by the parties' agreement" and thus "ignorance of future rights is unavoidable and not a basis for avoiding a plea agreement." *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir.2005) (citing *United States v. Morgan*, 406 F.3d 135, 137 & n. 2 (2d Cir.2005)). For the foregoing reasons, we hold that (1) Bulluck waived his right to challenge his sentence on Sixth Amendment grounds and (2) these rights were knowingly and voluntarily waived.

■ Second, Bulluck argues that the Government breached the plea agreement by failing to advocate a lower base offense level and urging the District Court to take into account his illegal possession of a short-barrel rifle as relevant conduct. " 'To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement.' " *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir.2005) (quoting *United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir.1999)); *see also United States v. Palladino*, 347 F.3d 29, 34 (2d Cir.2003). "[B]ecause plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards of performance." *Vaval*, 404 F.3d at 152–53.

Here, the Government clearly failed to advocate in its presentencing submissions and at the sentencing hearing the sentencing calculation spelled out in the plea agreement—a fact that is not disputed by the Government on appeal. *See* Br. of Appellee, at 15–16 ("Under *Palladino*, the government in this case must acknowledge that it also breached the plea agreement with Bulluck."). Accordingly, we hold that the Government breached its plea agreement with Bulluck.

"Where a plea agreement is breached, the choice between the remedies of resentencing or plea withdrawal 'is generally a discretionary one guided by the circumstances of each case.' " *Vaval*, 404 F.3d at 156 (quoting *Palladino*, 347 F.3d at 34). "[W]here remand to a different judge for resentencing would cure the breach caused by the government, we have ordered that remedy." *Id.* In such circumstances, our reassignment of a case to a different judge implies no negative assessment of the original judge's handling of the case; rather, we remand to a different judge "to avoid even the appearance of [any] harm" arising from the initial breach, and do so "even where the original judge ... was not influenced by the government's arguments." *Id.* at 155. Where, by contrast, "resentencing before another district judge would not cure the taint caused by a government breach—because, for example, the government violated the agreement by introducing new evidence that could not be magically erased or ignored on remand— we have held that plea withdrawal was the appropriate remedy." *Id.* at 156 (internal quotation marks omitted).

In this case, the Government recommends that we "remand[ ] with instructions to vacate Bulluck's sentence and resentence him before a different judge." *See* Br. of Appellee, at 17. Because the Government's breach in this case did not

involve presenting evidence to the court that it was required to withhold, we agree that the breach can be appropriately cured by remanding for resentencing before a different judge. Upon remand, pursuant to the terms of the plea agreement, which remains in force, the Government will advocate for a base offense level no higher than 14, and may request the assessment of an additional four points to reflect Bulluck's alleged status as a manager or supervisor of the crime in question. Of course, the district court charged with resentencing is not bound to adhere to the Government's sentencing recommendations or those set forth in the PSR.

Here, as in *Palladino,* "what appears to be a 'victory' for [the] defendant . . . could ultimately result in a conviction on remand that carries a longer sentence than that initially imposed." 347 F.3d at 35. Because there is no guarantee that the sentencing judge who receives this case will impose a sentence that is either the same or lighter than the previous judge, we will, in the interests of justice, stay the issuance of the mandate for 30 days to allow defense counsel to confer one final time with defendant regarding the risks of proceeding with resentencing. Defendant shall have the option to withdraw this appeal at any time prior to the issuance of the mandate.

Finally, Bulluck contends that the District Court "failed to consider the applicable sentencing factors, considered facts outside the scope of [Bulluck's] guilty plea, and imposed an unreasonable 72-month term of imprisonment." *See* Br. of Def.-Appellant, at 31. Because we are hereby vacating the District Court's original sentence and remanding for resentencing, any

non-constitutional (and therefore non-waived) challenge to the District Court's originally-imposed sentence is now moot. Accordingly, we need not and do not address Bulluck's arguments on this score.

\* \* \* \* \* \*

For the reasons set forth above, the Judgment of the District Court is hereby VACATED and REMANDED with instructions to reassign this case to another judge for resentencing. The mandate shall be stayed for 30 days, during which time defendant shall have the option to withdraw the instant appeal.