**UNITED STATES of America,
Appellee,**

v.

**Derek G. TURNER, Defendant–
Appellant.**

No. 06–0967–cr.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2007.

Joel B. Rudin, New York, NY, for Defendant–Appellant.

Peter A. Norling, Assistant United States Attorney (Lawrence P. Ferazani, Jr., Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Derek G. Turner appeals from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge* ), entered February 24, 2006, on a guilty plea, sentencing him principally to 240 months' imprisonment. Turner requests, with the government's consent, that his sentence be remanded to the district court for *de novo* resentencing, due to the government's breach of the plea agreement.

The government concedes that it violated the plea agreement at least three times when it sought more severe punishment than that anticipated by the plea agreement based on: (1) an incorrect claim that Turner's misrepresentations forced government representatives to go to the Bahamas to interview victims and obtain records; (2) Turner's failure to disclose the identity of victims, as the plea agreement did not require Turner to disclose the identity of victims; and (3) an incorrect claim that Turner failed to disclose a par-

361

ticular brokerage account.[1] As the government concedes these violations and agrees that this case must be remanded for resentencing, we express no view on the other issues raised on this appeal or on the other alleged violations of the plea agreement by the government except to note that, on resentencing, the government should be "held to meticulous standards of performance," and we will not "hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness" should this case come before us again. *United States v. Vaval,* 404 F.3d 144, 152–53 (2d Cir.2005) (internal quotation marks omitted).

Accordingly, because the government breached its plea agreement with Turner, we VACATE the sentence and REMAND to the district court for *de novo* resentencing before a different district court judge.[2]

---

1. The government also violated the plea agreement by admittedly contradicting the plea agreement stipulation several times, including at sentencing, that Turner had "provided extensive information regarding victims and assets located in other countries and ... allowed the government to search and seize documents located in the Bahamas that the government would likely not have otherwise been able to obtain."

2. We emphasize that this case must be remanded to a different district court judge solely because the effect of the government's breach of the plea agreement is too difficult to

erase if the case stays before the same judge. *See Vaval,* 404 F.3d at 156; *United States v. Lawlor,* 168 F.3d 633, 638 (2d Cir.1999); *United States v. Gaviria,* 49 F.3d 89, 92 (2d Cir.1995); *United States v. Enriquez,* 42 F.3d 769, 772 (2d Cir.1994). As in other cases where this has occurred, "our granting this relief implies not even the slightest criticism of the actions of the district judge." *Enriquez,* 42 F.3d at 771.

