16-2423-cr(L)
*United States v. Dykes*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:
   ROBERT D. SACK,
   SUSAN L. CARNEY,
   CHRISTOPHER F. DRONEY,
     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

   *Appellee,*

    v.          Nos. 16-2423-cr
                 16-2481-cr

KENNETH DYKES,

   *Defendant-Appellant.*

_____

FOR APPELLANT:    JEFFREY T. BAGLEY, Assistant Federal
           Public Defender, Federal Public
           Defender's Office, Buffalo, NY.

FOR APPELLEE:     MICHAEL J. ADLER (Frank T. Pimentel,
           Assistant United States Attorney, *on the*
           *brief*), Assistant United States Attorney, *for*
           James P. Kennedy, Jr., Acting United

States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 30, 2016, is **AFFIRMED**.

On January 12, 2016, defendant-appellant Kenneth Dykes and the government executed a plea agreement in which Dykes agreed to plead guilty to three counts of federal bank robbery in violation of 18 U.S.C. § 2113(a). Dykes entered his guilty plea to those crimes before the United States District Court for the Western District of New York on the same day.

As relevant here, the plea agreement provided that: (1) under the 2015 United States Sentencing Guidelines, Dykes's Guidelines range was either 77-96 months' imprisonment (as he asserted) or 100-125 months (as the government asserted);[1] (2) Dykes and the government each could advocate in the district court for imposition of a sentence within the asserted ranges; (3) both parties "reserve[d] the right to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action"; and (4) the government "reserved the right to . . . respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government." App. 50–52.

In its presentence report ("PSR"), the probation office advised that, under U.S.S.G.§ 4B1.2, the crime of federal bank robbery qualified as a "crime of violence." The probation office therefore concluded that, in light of his two previous convictions for federal bank robbery, Dykes should be sentenced as a "career offender" under U.S.S.G. § 4B1.1

---

[1] The difference resulted from a disagreement between Dykes and the government as to whether Dykes should receive a five-level enhancement for brandishing or possession of a dangerous weapon under U.S.S.G. § 2B3.1(b)(2)(C), or (instead) a lesser two-level enhancement for threat of death under U.S.S.G. § 2B3.1(b)(2)(F).

(2015).[2] The probation office therefore calculated a sentencing range of 151-188 months—significantly higher than either of the ranges proposed in the plea agreement.

At oral argument before the District Court on June 6, 2016, and at sentencing on June 27, 2016, the government consistently urged that Dykes be sentenced in conformity with the range that it had advocated for in the plea agreement (that is to say, not as a career offender). It also asserted that, under U.S.S.G. § 4B1.2, federal bank robbery qualifies as a "crime of violence"—a topic not expressly addressed in the plea agreement. On June 27, 2016, the District Court ruled that Dykes's crime of conviction, federal bank robbery, constituted a "crime of violence" under U.S.S.G. § 4B1.2(a). It further adopted the PSR's Guidelines calculation, including the career offender enhancement, and sentenced Dykes to 151 months' imprisonment.[3]

Dykes makes two arguments on appeal. First, he contends that the government breached the plea agreement, primarily by presenting to the District Court its position on whether federal bank robbery is a "crime of violence" under U.S.S.G. § 4B1.2, but also by making several ancillary statements. Second, he argues that the District Court erred in concluding that federal bank robbery is a "crime of violence" and therefore in sentencing him as a career offender. We assume the parties' familiarity with the facts and record of

---

[2] A "career offender" is a defendant who was at least eighteen years old at the time of the charged crime, is being sentenced for a felony that is either a "crime of violence" or a controlled substance offense, and "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A defendant who is sentenced as a career offender is eligible for sentencing under a higher offense level and criminal history category than his crime and criminal history would otherwise warrant—and therefore a significantly higher Guidelines range than would otherwise be applicable. *Id.* § 4B1.1(b).

[3] The District Court separately sentenced Dykes under an additional plea agreement governing Dykes's related violation of the terms of his supervised release, to which he was subject in connection with an earlier conviction for federal bank robbery. Although Dykes also filed a notice of appeal from his conviction under that plea agreement (and that appeal, No. 16-2481, is consolidated with the appeal, No. 16-2423, that we address in the text), he raised no arguments in his brief regarding that separate challenge. We therefore consider any argument pertaining to that violation to have been abandoned. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

3

prior proceedings, to which we refer here only as necessary to explain our decision to affirm the sentence imposed by the District Court.

### 1. Alleged breaches of the plea agreement

Where, as here, a defendant preserves his claim that the government breached an applicable plea agreement, this Court reviews the claim *de novo. See United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002); *cf. Puckett v. United States*, 556 U.S. 129, 136 (2009). Plea agreements are construed "in accordance with principles of contract law," looking "to what the parties reasonably understood to be the terms of the agreement." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (internal quotation marks omitted). "Because the government ordinarily has certain awesome advantages in bargaining power, any ambiguities in the agreement must be resolved in favor of the defendant." *Riera*, 298 F.3d at 133 (internal quotation marks omitted).

Dykes argues that the government breached its plea agreement with him in several ways. First, he directs our attention to the government's statement in its April 6, 2016 written sentencing submission to the District Court that it did "not dispute the properness of the calculations made in the Presentence Report." App. 114. He argues that taking this position contravened the government's promise not to advocate for a higher sentence than the Guidelines range it proposed in the plea agreement.

In other circumstances, we have concluded that the government breached a plea agreement when it told the court that "the Presentence Report was appropriately scored in the first instance" notwithstanding the disparity between the PSR's and the plea agreement's Guidelines scoring. *United States v. Lawlor*, 168 F.3d 633, 637 (2d Cir. 1999). Dykes's case, however, strikes us as distinctly different from that at issue in *Lawlor*. In Dykes's case, the government explicitly disavowed the PSR's calculations, stating in its submission that it "does *not* adopt the findings in the Presentence Report" regarding Dykes's status as a career offender immediately before it stated that it did "not dispute the properness" of the PSR's calculations. App. 114 (emphasis added). In the same paragraph of its April 6 submission, the government noted that the PSR differed from the plea agreement as to Dykes's status (as

4

a career offender or not), and acknowledged its obligation to advocate for the calculation presented in the plea agreement. *Id.* Other language, too, in the April 6 submission makes clear that the government was *not* urging the court to sentence Dykes as a career offender. Unlike in *Lawlor*, the government thus sufficiently highlighted its nonalignment with the PSR's recommendation as to Dykes. We therefore conclude that the government did not violate its plea agreement obligations by making the written statement objected to by Dykes.

Dykes next argues that the government violated the plea agreement when, on April 18, 2016, it successfully requested a 30-day adjournment to allow it to "explore whether or not [the government] can take a position as to whether or not a bank robbery constitutes [a crime of violence]" for purposes of the Guidelines' career offender enhancement. App. 118. Dykes characterizes this request as a "*sua sponte*" attempt to advise the District Court as to the applicability of the career offender enhancement—an attempt that, he argues, ran afoul of the government's commitment not to advocate for a sentence higher than the range specified in the plea agreement. Appellant's Br. 12.

This characterization takes the government's request out of important context, however. Before the April 18 conference, Dykes filed objections to the PSR in which he argued that his prior convictions did not constitute crimes of violence. *See* App. 96 ("Neither Mr. Dykes' offense of conviction for bank robbery in violation of 18 U.S.C. 2113(a) nor his prior 2000 or 2006 convictions for bank robbery in violation of 18 U.S.C. 2113(a) constitute a 'crime of violence' in light of the Supreme Court's decisions"). The plea agreement allowed the government to "respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government." App. 52. The government's decision to request that the court provide time for the government to analyze whether the "crime of violence" issue was covered by that clause did not amount to taking a position in contravention of the agreement.

In a final suite of challenges, Dykes urges us to conclude that the government breached the plea agreement by arguing in its pre-sentencing brief to the District Court that "the Court should reject the defense argument that bank robbery is not classified as a crime of violence for career offender purposes." App. 128–29. Dykes points further to the

5

government's opposition to his motion for specific performance of the plea agreement and its assertion at oral argument before the District Court on June 6, 2016, that bank robbery is a crime of violence, even as the government argued against sentencing Dykes as a career offender.

We are not persuaded. As the government emphasized in its written submission to the district court, the government "continue[d] to assert, pursuant to *Lawlor*, that the defendant should be sentenced in a manner consistent with the expected Guidelines range set forth in the plea agreement." App. 129. Further, we have previously held that the government does not violate a plea agreement if it provides information in response to a sentencing judge's request. *See United States v. Goodman*, 165 F.3d 169, 173 (2d Cir. 1999). We have also rejected the argument that a breach may be found in a government filing that explains the law of a sentencing enhancement without advocating that it be applied to the defendant. *United States v. Amico*, 416 F.3d 163, 166–67 (2d Cir. 2005). Those decisions govern our analysis of Dykes's argument here: the government breached no obligation by responding to the District Court's request for further briefing or by responding to Dykes's arguments. This is not a case in which the government made clearly prejudicial comments that served no purpose other than to press the judge to impose a harsher sentence. *See, e.g., Vaval*, 404 F.3d at 153. Nor is this a case in which the government first raised the contested issue. *See, e.g., United States v. Robinson*, 634 F. App'x 47, 50–51 (2d Cir. 2016) (summary order). Furthermore, the government here emphasized repeatedly and directly that it was not arguing for Dykes to be sentenced as a career offender. *Cf. United States v. Griffin*, 510 F.3d 354, 365 (2d Cir. 2007) (government "did nothing to retract its questionable statements or otherwise ameliorate their impact"). Under these circumstances, we conclude that the government's conduct did not violate the plea agreement.

### 2. Treatment of federal bank robbery as a crime of violence

Next, Dykes contends that his sentence was procedurally unreasonable because, contrary to the District Court's ruling, federal bank robbery is not a crime of violence under U.S.S.G. § 4B1.2. He argues that he therefore should not have been sentenced as a career offender.

The Guidelines in effect at the time of Dykes's sentencing defined a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2015).[4] We determine whether a conviction is for a "crime of violence" for purposes of § 4B1.2 by focusing on the legal elements of the statute of conviction, rather than the facts of the specific offense committed by a defendant. *See United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017). When the Guidelines commentary specifically lists an offense, we compare the elements of the statute of conviction to the generic definition of the offense. *Id.* at 18. The relevant commentary in the Guidelines defines the term "crime of violence" specifically to include "robbery." U.S.S.G. § 4B1.2 cmt. n.1 (2015). "Commentary provisions must be given 'controlling weight' unless they: (1) conflict with a federal statute, (2) violate the Constitution, or (3) are plainly erroneous or inconsistent with the Guidelines provisions they purport to interpret."[5] *Jones*, 878 F.3d at 18 (quoting *Stinson v. United States*, 508 U.S. 36, 45 (1993)).

As our Court has previously found, "[A]ll fifty states define robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force or by intimidation." *Id.* (quoting *United States v. Walker*, 595 F.3d 441, 445–46 (2d Cir. 2010)) (emphasis omitted). This definition mirrors the elements of statutory

---

[4] *See United States v. Jones*, 878 F.3d 10, 15 n.3 (2d Cir. 2017) ("With only one exception not relevant here, district courts are to sentence defendants pursuant to the version of the Guidelines in effect on the date of sentencing.").

[5] When Dykes was sentenced, it appeared that the residual clause of U.S.S.G. § 4B1.2(a)(2)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"— might be unconstitutionally void for vagueness. Since this appeal was filed, however, the Supreme Court, in *Beckles v. United States*, 137 S. Ct. 886 (2017), has held that the clause is not subject to void for vagueness review.

7

federal bank robbery: a taking "by force and violence, or by intimidation, . . . from the person or presence of another." 18 U.S.C. § 2113(a). This symmetry explains why other circuits have decided that "[a] defendant properly convicted of bank robbery is guilty per se of a crime of violence" under the Guidelines. *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991); *see also United States v. Brewer*, 848 F.3d 711, 715–16 (5th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016); *United States v. Jenkins*, 651 F. App'x 920, 925 (11th Cir. 2016).

The District Court concluded that federal bank robbery, as defined by 18 U.S.C. § 2113(a), "requires the threat of physical force against a person" and is therefore a crime of violence. App. 237. On *de novo* review of this legal conclusion, *see United States v. Jones*, 415 F.3d 256, 260 (2d Cir. 2005), we agree with the District Court. Including the conviction that he now appeals, Dykes has been convicted three times of federal bank robbery in violation of 18 U.S.C. § 2113(a). Dykes therefore was correctly sentenced in this instance for a crime of violence under U.S.S.G. § 4B1.2 (2015). With his two prior felony convictions for crimes of violence, the District Court correctly determined that Dykes qualified as a career offender under U.S.S.G. § 4B1.1 and sentenced him accordingly.

* * *

We conclude that the government did not breach the plea agreement, and that Dykes was properly sentenced as a career offender under U.S.S.G. § 4B1.1 for having committed three crimes of violence within the meaning of U.S.S.G. § 4B1.2 (2015). We have considered Dykes's other arguments on appeal and determine that they are without merit.

The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8