13-3683-cr
*United States v. Robinson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of December, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
                    ROSEMARY S. POOLER,
                    GERARD E. LYNCH,
                                *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                                    13-3683-cr

                    v.

LAMONT ROBINSON,

                    *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**        Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY.

**FOR APPELLEE:**        Andrew Bauer and Anna M. Skotko, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is

**VACATED** and **REMANDED** for resentencing before a different judge.

Defendant-Appellant Lamont Robinson appeals from his sentence to 120 months

of imprisonment following his guilty plea to conspiring to distribute an unspecified

quantity of crack cocaine, in violation of 21 U.S.C. § 846. We assume the parties'

familiarity with the underlying facts and the case's procedural history.

Robinson raises three arguments on appeal. He argues, first, that the government

breached the parties' written plea agreement by advocating for a United States Sentencing

Guidelines ("Guidelines") range that was higher than that to which the parties agreed;

second, that counsel failed to render effective assistance in connection with the

sentencing proceeding; and third, that he is entitled to be resentenced under an

amendment to the Guidelines that took effect after his conviction. For the reasons that

follow, we conclude that the government breached the plea agreement and that remand

for resentencing before a different judge is therefore required. Accordingly, we need not

address Robinson's other arguments.

Robinson's primary contention is that we should remand for resentencing because

the government breached the parties' plea agreement.[1] "We review interpretations of plea

---

[1] The government argues that we should review this claim for plain error because
Robinson failed to raise it below. But during the sentencing proceeding, Robinson's
counsel stated that the government "didn't stand by" the plea agreement, J.A.124, and

agreements *de novo* and in accordance with principles of contract law." United States v. Riera, 298 F.3d 128, 133 (2d Cir. 2002). But "plea agreements are unique contracts, and we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards." United States v. Granik, 386 F.3d 404, 413 (2d Cir. 2004) (internal quotation marks omitted). Accordingly, "we construe plea agreements strictly against the government and do not hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness." United States v. Vaval, 404 F.3d 144, 152 (2d Cir. 2005) (internal quotation marks omitted). Statements that the government does not intend to violate the plea agreement "do not . . . insulate the government against a finding of breach if in fact what was said constituted an argument" barred by the agreement. Id. at 153.

Robinson's plea agreement contains several provisions that bear on this appeal. First, the parties agreed that Robinson's offense conduct involved at least 28 grams but less than 112 grams of cocaine base, yielding a base offense level of 26; that Robinson would be eligible for a three-level reduction if he "clearly demonstrate[d] acceptance of responsibility"; and that Robinson fell into criminal history category III. Those provisions led to a stipulated Guidelines range of 57-71 months' imprisonment. J.A. 28-30. Second, it was agreed that, "neither a downward nor an upward departure from the Stipulated Guidelines Range . . . is warranted," and that "neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein . . . [n]or . . .

made a lengthy statement objecting to the government's conduct. J.A. 123-24. Judge Furman addressed and rejected Robinson's contention that the government "ha[s] abrogated the agreement." J.A. 127. That is sufficient to preserve this issue for appeal.

3

suggest that the Court *sua sponte* consider any such departure or adjustment." J.A. 30. Third, the agreement permitted either party to "seek a sentence outside of the Stipulated Guidelines Range . . . based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)," to "present to . . . the Court any facts relevant to sentencing," and to "make any arguments regarding where within the Stipulated Guidelines Range . . . the defendant should be sentenced." J.A. 31. Finally, the parties agreed that if the Court – which was not bound by the stipulated Guidelines range – were to contemplate any adjustments, departures or calculations not incorporated in the agreement, each could properly "answer any inquiries and . . . make all appropriate arguments concerning the same." J.A. 31.

Robinson argues that the government breached the plea agreement by advocating for a higher Guidelines range in its September 3, 2013 sentencing submission and during subsequent sentencing proceedings in three ways: (1) by describing him as a "manager" of the criminal conspiracy; (2) by advocating for higher drug weight calculation than contemplated by the stipulated Guidelines range; and (3) by arguing for a firearm enhancement.[2] Because we find that the government breached the plea agreement by describing him as a manager in the September 3 submission, we do not reach Robinson's other claims of breach.

---

[2] Robinson was ultimately sentenced principally to 120 months' imprisonment after the district court recalculated the drug weight that could be attributed to him, applied a two-level role enhancement, and declined to apply the firearm enhancement, resulting in a Guidelines range of 168 to 210 months.

4

In its September 3 submission, in describing the offense conduct, the government stated that the evidence at trial would have established beyond a reasonable doubt that Robinson "was an active, managing member of the" criminal conspiracy and that Robinson "held a managerial role" in the conspiracy. J.A. 60. The government then argued that a sentence within the stipulated Guidelines range was appropriate because "Robinson was an active and managing member of a high-volume drug crew." J.A 64. The government did not explicitly request a role enhancement, and stated that it was simply arguing that a sentence within the Guidelines range was appropriate, in light of the factors set forth in 18 U.S.C. § 3553(a).

Though it is a close call, we conclude that, notwithstanding the government's disclaimers, the September 3 submission breached the plea agreement by effectively advocating for a role enhancement in violation of the plea agreement. Robinson correctly notes that "managerial" status is the basis for an aggravating-role enhancement under U.S.S.G. § 3B1.1(c). While the plea agreement reserved the government's right to present relevant facts to the court, the government's September 3 submission letter did not describe specific facts regarding Robinson's activities as a member of the conspiracy that might have formed the basis for a role enhancement. Rather, the government used the Guidelines' term of art "manager," in an entirely conclusory fashion, to describe his conduct. Using the terminology of the Guidelines' provision to characterize Robinson's role, without reference to a single fact supporting that characterization, could have served no purpose other than to call the district court's attention to the possibility of a role

5

enhancement – in effect, to argue for that enhancement. The government's disclaimers to the contrary do not insulate its conduct. See Vaval, 404 F.3d at 153.

The government argues that its conduct was permitted by the plea agreement, which allowed the government to argue for a Guidelines-range sentence under the factors set out in § 3553(a) and to present to the district court any facts relevant to sentencing. It is true that a defendant's role in the conspiracy may be a germane factor under § 3553(a), and that facts regarding his role are relevant to sentencing. Had the government confined itself to a recitation of the facts – or even to a § 3553(a) argument based on the facts – there would have been no breach of the plea agreement even if those facts demonstrated that a role enhancement was proper. However, the gratuitous reference to Robinson's "managerial role," divorced from any facts concretely describing his actions, inevitably suggested that the district court should apply a role enhancement and otherwise bore not at all on Robinson's sentencing. The reference is thus properly construed as an argument for a role enhancement, rather than a § 3553(a) argument or presentation of facts relevant to sentencing. See United States v. Amico, 416 F.3d 163, 167-168 (2d Cir. 2005) (holding that a mild, non-provocative description of the law regarding role enhancements did not breach the plea agreement); cf. United States v. Tokhtakhounov, 607 F. App'x 8, 11-12 (2d Cir. 2015) (government did not breach plea agreement by describing defendant as a "leader" of the criminal organization, even though a defendant's status as a "leader" supports a role enhancement under § 3B1.1(c), where that description prefaced a description of the facts).

Our conclusion is further buttressed by the district court's understandable reaction to the submission. In contrast to other sentencing issues, as to which the district court itself questioned the appropriateness of aspects of the stipulated Guidelines calculation, the court frankly noted that the question of a managerial role enhancement was not one that it had previously considered, but rather that the possibility of such an enhancement had "occurred to [the court] after reading the government's letter of September 3." J.A. 108. It is hardly surprising that the government's assertion that Robinson "held a managerial role" in the offense, J.A. 60, would trigger consideration by the court of whether it should apply an enhancement for an "aggravating role," U.S.S.G. § 3B1.1, as a "manager" in the criminal activity, id. § 3B1.1(b), (c).[3]

The government further argues that, even if it breached the plea agreement, Robinson is not entitled to a remand because any breach of the plea agreement was *de minimis*. That argument lacks merit. The government's breach of the plea agreement directly affected the sentence. The district judge had not previously raised the possibility of a role enhancement, and specifically noted that the question had not occurred to him

---

[3] The government's repeated assertions that Robinson was a "managing member" of the conspiracy, J.A. 60, 64, differ from its references to other facts about his activities. First, since the September 3 submission predated any inquiry by the court about Robinson's role, the assertion cannot be considered a response to the court's questions, as permitted under the plea agreement. Second, the "manager" assertion is a legal characterization of Robinson's role and not a simple recitation of objective facts, such as statements that he possessed a gun on a particular date or sold a certain quantity of drugs on a particular occasion, also permitted by the agreement.

7

until after he read the government's September 3 sentencing letter. J.A. 108.[4] The court then proceeded to apply the enhancement.

Having concluded that the government's September 3 sentencing submission breached the plea agreement by advocating for a role enhancement, we must vacate the judgment and remand the case for resentencing. As we have previously recognized, such a breach requires remand to a different judge, who will not be influenced by the government's earlier sentencing advocacy. See Vaval, 404 F.3d at 156. Such a reassignment of course reflects no criticism of Judge Furman, who conducted the proceedings in a careful and conscientious manner.

Accordingly, we **VACATE** the sentence imposed on Robinson and **REMAND** for resentencing before a different judge.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] The government also argues that it has the option of disregarding the plea agreement because Robinson also breached the plea agreement. While the government correctly notes that Robinson initially breached the plea agreement by requesting a downward departure, Robinson retracted that argument prior to sentencing, and reformulated his argument as a request for a non-guideline sentence pursuant to § 3553(a), as permitted by the agreement. That retraction was sufficient under these circumstances to cure any breach of the plea agreement. See Amico, 416 F.3d at 165.