United States v. Dean

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
Circuit Judges,

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
Appellee,

-v.- 15-4051

TODD GLENN DEAN,
Defendant-Appellant

- - - - - - - - - - - - - - - - - - - -X


FOR APPELLANT:            DANIELLE C. WILD, Easton
                          Thompson Kasperek Shiffrin, LLP,
                          Rochester, New York (Lawrence L.
                          Kasperek, on the brief).

**FOR APPELLEE:** MONICA J. RICHARDS, for William J. Hochul, Jr., United States Attorney for the Western District of New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Todd Glenn Dean appeals from the judgment of the United States District Court for the Western District of New York (Larimer, J.) imposing a prison sentence of 216 months, following a plea agreement. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because the government did not violate its plea agreement with Dean and because Dean's sentence was not substantively unreasonable.

After indictment for attempting to entice a minor into sexual activity, Dean entered into a plea agreement with the government providing that: 1) it was the understanding of both parties that a Sentencing Guidelines range of 140 to 175 months applied; 2) Dean nonetheless understood that he was subject to a potential term of life imprisonment; 3) both the government and Dean had the right to argue for a

2

sentence outside the Guidelines range; and 4) both the government and Dean had the right "to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action."  The plea deal did not refer to an enhancement for a "Repeat and Dangerous Sex Offender Against Minors" (U.S.S.G. § 4B1.5), apparently because it was overlooked.  The enhancement would have dramatically increased Dean's Guidelines range.

After the plea, the Probation Department ("Probation") prepared a Presentence Investigation Report ("PSR") which *did* recommend that the § 4B1.5 enhancement apply, increasing Dean's Guidelines range to 235 to 293 months.  After receiving the PSR, the government submitted sentencing briefs stating that the enhancement for repeat sex offenses against minors did not apply and the correct Guidelines range was therefore still 140 to 175 months, but requesting an above-Guidelines sentence of 240 months.  The district court found that the enhancement applied, and Dean does not contest that it applies by its terms.  The district court sentenced Dean below the resulting Guidelines range to 216 months.

The government did not breach its plea agreement by arguing for an above-Guidelines sentence; the plea agreement explicitly allowed the government to do so.  Probation, not

3

the government, argued that the § 4B1.5 enhancement should apply, and the government told the district court its position was that the § 4B1.5 enhancement did not apply. See United States v. Riera, 298 F.3d 128, 134 (2d Cir. 2002) (holding that the government's representations to the court that it was not seeking an upward departure suggested it had not breached the plea agreement). The government's brief argued for an above-Guidelines sentence on the separate grounds, under 18 U.S.C. § 3553, that it was needed "to protect the public from further crimes of the defendant" and "to afford adequate deterrence to criminal conduct."

It is unsurprising that the § 4B1.5 enhancement seems to also be driven by a concern to protect the public and to afford adequate deterrence. Section 3553 reflects the purposes of sentencing generally, and each specific Sentencing Guideline is designed to carry out those purposes. See Rita v. United States, 551 U.S. 338, 348 (2007) (citing 28 U.S.C. § 991(b)). If a provision in a plea agreement allowing the government to argue for an above-Guidelines sentence based on the § 3553 factors is to have meaning, the government must therefore be allowed to make those arguments even if they overlap to some extent with the argument for a potential enhancement. An exception applies when the government acts in bad faith; but the

4

district court found, and we agree, that there has been no bad faith.  See United States v. Habbas, 527 F.3d 266, 271 (2d Cir. 2008).[1]

Dean also argues that his sentence was substantively unreasonable.  We review the substantive reasonableness of a sentence for abuse of discretion and will only set aside sentences which are "shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  United States v. Pattee, 820 F.3d 496, 512 (2d Cir. 2016) (internal quotations omitted).  The district court considered potential mitigating factors and then sentenced Dean to a below-Guidelines sentence given the need to protect the public.  That sentence was neither shockingly high nor unsupportable.

For the foregoing reasons, and finding no merit in Dean's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1]Dean cites this court's summary order in United States v. Robinson; but that (non-precedential) case could be easily distinguished because it implicitly found that the government acted in bad faith.  634 F. App'x 47, 51 (2d Cir. 2016) (summary order).