14-3661-cr
United States v. Morales

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of January, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                    14-3661-cr

RAMON MORALES, a/k/a Sealed Defendant 2, a/k/a Seven,

                    *Defendant-Appellant*.[1]

_____

Appearing for Appellant:      John S. Wallenstein, Garden City, NY.

Appearing for Appellee:       Noah Falk, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

---

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ramon Morales appeals from the September 23, 2014 judgment of conviction entered in the United States District Court for the Southern District of New York (Furman, *J.*), following Morales's plea of guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and one count of using and carrying a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c). Morales was sentenced principally to 216 months' imprisonment. We held this case pending decisions by the Supreme Court in *Beckles v. United States*, 137 S.Ct. 886 (2017), and our Court in *United States v. Jones*, 2017 WL 4456719 (2d Cir. 2017), *as amended* October 5, 2017. The parties submitted supplemental briefing on the issues of (1) whether, in light of the appeal waiver contained in the plea agreement, Morales may challenge the district court's determination that Morales qualified as a career offender under U.S.S.G. § 4B1.1; and (2) whether, following *Jones*, a conviction for robbery in the third degree in New York is a "crime of violence" for purposes of determining whether a defendant is a career offender under the Guidelines. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As part of his plea agreement with the government, Morales agreed that that he would not file a direct appeal, mount a collateral challenge, or seek a sentence modification of any sentence imposed on him within or below the stipulated Guideline range of 322 to 387 months. He was sentenced to 216 months' imprisonment—well under the stipulated range—such that his appellate waiver is binding absent some breach of that agreement. *See, e.g., United States v. Salcido-Contreras*, 990 F.2d 51 (2d Cir. 1993) (noting that "knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable"). Morales argues that the government breached the plea agreement by advocating for a higher drug quantity than set forth in the agreement in violation of its agreement not to do so.

Plea agreements are construed strictly against the government, and the court does not "hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness." *United States v. Lawlor,* 168 F.3d 633, 637 (2d Cir. 1999). "To determine whether a plea agreement has been breached, we 'look[ ] to the reasonable understanding of the parties as to the terms of the agreement.'" *United States v. Riera,* 298 F.3d 128, 133 (2d Cir. 2002) (quoting *United States v. Colon,* 220 F.3d 48, 51 (2d Cir. 2000)). "When the Government breaches a plea agreement, the defendant is entitled to either withdraw his plea or have his agreement specifically performed." *United States v. Cimino,* 381 F.3d 124, 127 (2d Cir. 2004).

In urging that we find a breach, Morales relies heavily on our summary order in *United States v. Robinson*, 634 F. App'x 47 (2d Cir. Jan. 15, 2016). There, we found that the government breached a similar plea agreement with one of Morales's codefendants when, in its sentencing submission and at sentencing, it described Robinson as an active and managing member of a high-volume drug crew. *Id.* at 50. We found the breach was not de minimis, as:

> The government's breach of the plea agreement directly affected the sentence. The district judge had not previously raised the possibility of a role enhancement, and specifically noted that the question had not occurred to him until after he read the government's September 3 sentencing letter. The court then proceeded to apply the enhancement.

*Id.* at 51 (internal citation omitted). We then vacated the sentence and remanded for resentencing before a different judge.

Morales, by virtue of being sentenced after Robinson and other codefendants, stands on a different footing. By the time Morales was sentenced, the district court raised the issue of drug quantity and leadership in other sentencing proceedings, such that the government legitimately anticipated the district court's questions on the issue. Because the government simply responded to questions that the court had already asked in related sentencing proceedings, did not advocate for a higher sentence, and did not influence the court's factual understanding of the amount of crack attributable to the conspiracy, its sentencing submission did not run afoul of the plea agreement. As a result, Morales's appeal waiver remains in place and bars the various claims he raises before this Court.

We have considered the remainder of Morales's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3