15-3313-cr
*United States v. Smith*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2015

No. 15-3313-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

EDWARD SMITH,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: SEPTEMBER 28, 2016
DECIDED: MARCH 8, 2018
AMENDED: JULY 19, 2018

Before: WINTER and CABRANES, *Circuit Judges*, and RESTANI, *Judge*.[*]

———

This case, in which oral argument was heard in September 2016 but which was held in abeyance pending decision first in *United States v. Jones*, 878 F.3d 10 (2d Cir. 2017), then in *United States v. Morales*, 709 F. App'x 93 (2d Cir. 2018), presents the following questions: (1) whether the evidence at trial was sufficient to prove possession of crack cocaine with intent to distribute; and (2) whether the New York offense of robbery in the second degree constitutes a "crime of violence" as that term was defined in the United States Sentencing Guidelines before August 1, 2016. We answer both questions in the affirmative and therefore **AFFIRM** the judgment of October 7, 2015 of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

———

DANIEL M. TRACER, Assistant United States Attorney (Thomas McKay *and* Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

———

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

MATTHEW B. LARSEN, Federal Defenders of New York Appeals Bureau, New York, NY, *for Defendant-Appellant.*

---

JOSÉ A. CABRANES, *Circuit Judge*:

This case, in which oral argument was heard in September 2016 but which was held in abeyance pending decision first in *United States v. Jones*, 878 F.3d 10 (2d Cir. 2017), then in *United States v. Morales*, 709 F. App'x 93 (2d Cir. 2018), presents the following questions: (1) whether the evidence at trial was sufficient to prove possession of crack cocaine with intent to distribute; and (2) whether the New York offense of robbery in the second degree constitutes a "crime of violence" as that term was defined in the United States Sentencing Guidelines ("Guidelines") before August 1, 2016. We answer both questions in the affirmative and therefore **AFFIRM** the judgment of October 7, 2015 of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

## I. BACKGROUND

Defendant-Appellant Edward Smith ("Smith") appeals from a District Court judgment entered on October 7, 2015 by Judge Failla. A jury convicted Smith of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). At sentencing, the District Court calculated

3

Smith's base offense level as 20. The District Court came to this result partly by concluding that Smith had already been convicted of a "crime of violence" as that term is defined in section 4B1.2(a) of the Guidelines: robbery in the second degree in violation of New York Penal Law section 160.10. The District Court then imposed a term of one hundred twenty months' imprisonment for each of the two charges, the terms to run concurrently. Smith appealed.

## II. DISCUSSION

### A. Sufficiency of the Evidence

Smith raises two arguments on appeal. His first argument is that the evidence presented at trial was insufficient to prove possession of crack cocaine with intent to distribute. The officers' testimony that they recovered bags of crack cocaine from him at the police station could not have been true, he argues, because he "was bleeding from his hands on the night in question," whereas "the baggies allegedly recovered from [him] were bloodless." Br. Appellant 15–16. The bags thus could not have been "pried from his bleeding and tightly[ ]clenched hands." *Id.* at 16.

A court reviewing a conviction entered pursuant to a jury verdict for sufficiency of the evidence must affirm the conviction if it determines that "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (emphasis in original)

4

(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also United States v. Daugerdas*, 837 F.3d 212, 221 (2d Cir. 2016).

We conclude that there was sufficient evidence to convict Smith. The officers involved in Smith's arrest testified at trial that they did not search Smith until they were back at the police station because a hostile crowd had gathered at the scene of the arrest. They also testified that as they prepared to search Smith at the station, Smith removed something from his pocket and clenched it in his fist. When they pried Smith's fist open, they discovered a plastic bag containing fourteen smaller plastic bags of crack cocaine. Even if no blood was found on the fourteen smaller plastic bags, the jury might reasonably have inferred from the officers' testimony that Smith's hands were no longer bleeding by the time he arrived at the police station. The jury might also reasonably have inferred that Smith's hands were still bleeding but that no blood was on the smaller bags because they were enclosed within the larger plastic bag. The government's choice not to introduce the larger plastic bag into evidence did not require the jury to reject this second possible inference or to conclude that the officers' testimony was not credible.

## B. Calculation of Base Offense Level

Smith also argues that the District Court miscalculated his base offense level under the Guidelines because robbery in the second degree, in violation of New York Penal Law section 160.10, is not a

"crime of violence" as the term is defined in the applicable version of section 4B1.2(a) of the Guidelines.[1]

Because Smith did not object to the calculation in the District Court, we review the District Court's calculation for plain error, although we apply that standard less "stringently" in sentencing cases. *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009).

The applicable version of section 4B1.2(a) defines "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *U.S. Sentencing Guidelines Manual* § 4B1.2(a) (U.S. Sentencing Comm'n 2014). Paragraph (1) is commonly known as the "force

---

[1] The applicable version of the Guidelines is the version in effect on the day the defendant is sentenced. *See* 18 U.S.C. § 3553(a)(4)(A)(ii) (2012); *United States v. Jones*, 878 F.3d 10, 21 n.3 (2d Cir. 2017). Smith was sentenced on October 1, 2015. *See* App. Appellant 633–713 (transcript of sentencing). The applicable *Guidelines Manual* is therefore the 2014 version, which remained in effect until November 1, 2015. *Compare U.S. Sentencing Guidelines Manual* i (U.S. Sentencing Comm'n 2014) (indicating that the 2014 version incorporates amendments to the Guidelines up through the amendments effective November 1, 2014), *with U.S. Sentencing Guidelines Manual* i (U.S. Sentencing Comm'n 2015) (indicating that the 2015 version incorporates amendments to the Guidelines up through the amendments effective November 1, 2015).

clause"; the part of paragraph (2) beginning with "or otherwise involves" is commonly known as the "residual clause."[2]

We have already held that every degree of New York robbery is a crime of violence under the residual clause of section 4B1.2(a)(2) as that clause was worded at the time of Smith's sentencing. *See United States v. Dove*, 884 F.3d 138, 152 (2d Cir. 2018) (applying the identically worded *U.S. Sentencing Guidelines Manual* § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2013)). The District Court's calculation was therefore not erroneous, and it is not necessary to consider whether New York second-degree robbery is a crime of violence under the force clause of section 4B1.2(a)(1).

## III. CONCLUSION

In summary, we hold:

(1) the evidence presented at Smith's trial was sufficient to prove possession of crack cocaine with intent to distribute; and

---

[2] The residual clause was removed from the Guidelines effective August 1, 2016 because the United States Sentencing Commission had determined the phrase to be unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Jones*, 878 F.3d at 14 n.1. The Supreme Court had held in *Johnson* that the identically worded residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2554. The Guidelines residual clause has since been held, however, to be constitutional. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Our holding thus applies only to sentencing decisions made under the Guidelines in effect before August 1, 2016.

(2) because the New York offense of robbery in the second degree constitutes a crime of violence within the meaning of the residual clause of United States Sentencing Guidelines section 4B1.2(a)(2) in effect when Smith was sentenced on October 1, 2015, the District Court's calculation of Smith's base offense level was not erroneous.

We **AFFIRM** the District Court's judgment of October 7, 2015.