22-3168-cr
*United States v. Morales*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-four.

Present:

> AMALYA L. KEARSE,
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          22-3168-cr

RAMON MORALES, AKA Sealed Defendant 2, AKA Seven,

*Defendant-Appellant*.[*]

---

| | |
|---|---|
| For Defendant-Appellant: | Ramon Morales, *pro se*, Welch, WV |
| For Appellee: | Jerry J. Fang, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

Appeal from an order of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying a sentence reduction is **AFFIRMED**.

Defendant-Appellant Ramon Morales pleaded guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and possessing a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced Morales, a career offender, to an aggregate of 216 months of imprisonment. We affirmed his sentence on direct appeal, concluding that his challenges (including to his career offender designation) were barred by an appeal waiver. *United States v. Morales*, 709 F. App'x 93, 94–95 (2d Cir. 2018).

In October 2022, Morales moved, *pro se*, for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), relying on his vulnerability to COVID-19 due to preexisting medical conditions and arguing that his predicate offenses no longer supported his designation as a career offender based on an intervening change in law. The district court denied the motion, concluding that these reasons were not "extraordinary and compelling" as required under 18 U.S.C. § 3582. *United States v. Morales*, No. 12-CR-445-2 (JMF), 2022 WL 17326195, at *1–2 (S.D.N.Y. Nov. 29, 2022).[1] We assume the parties' familiarity with the case.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

18 U.S.C. § 3582(c)(1)(A) provides, that a district court "may" reduce a defendant's term of imprisonment if it finds, among other requirements, that "extraordinary and compelling reasons warrant such a reduction." *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234–37 (2d Cir. 2020). We conclude that the district court did not abuse its discretion by denying Morales's motion for a sentence reduction.

Morales did not establish that whatever marginally higher risk he might face from COVID-19 constitutes an "extraordinary and compelling" reason for a sentence reduction. He does not challenge the district court's conclusion that at the time of its decision in December 2022, prison conditions had changed considerably since the early days of the pandemic and that he accordingly no longer faced a substantially heightened risk of serious illness or death.

Morales argues that the district court erred in adopting a blanket rule that refusal of the COVID-19 vaccine precludes a finding of "extraordinary and compelling" reasons, but that argument also fails. The district court did not adopt a blanket rule; to the contrary, it considered Morales's refusal as but one of several factors in its ultimate conclusion that Morales had not established extraordinary and compelling circumstances to justify a sentence reduction based on the risk of contracting COVID-19. That was not error; the availability of a vaccine that would reduce the risk of serious illness or death militates against a finding that contracting COVID-19 is an "extraordinary and compelling" reason for a sentence reduction, and a defendant's refusal to inoculate himself undermines his credibility in claiming that he suffers an acute risk of serious illness from COVID-19.

Morales's second ground for a sentence reduction—that he would not be a career offender

under current law—also does not rise, under the circumstances of this case, to the level of an "extraordinary and compelling" reason for sentence reduction. Even assuming, without deciding, that a change to a defendant's career offender status due to an intervening change in law could constitute an "extraordinary and compelling" reason, Morales's career offender status had little to no effect on his ultimate sentence.

The PSR calculated Morales's guidelines range as 262 to 327 months of imprisonment for the drug offense, plus 60 consecutive months for the firearms offense, for a total of 322 to 387 months of imprisonment. That calculation was based on a total offense level of 34 and a criminal history category of VI, both of which were increased by the career offender designation. At sentencing, the district court determined that, absent the career offender enhancement, the offense level would still be 34 based on application of enhancements for drug weight and Morales's leadership role. *Morales*, 2022 WL 17326195, at \*2 n.2. In the absence of the career offender designation, however, Morales's criminal history category would have been V rather than VI, yielding a guidelines range of 295 to 353 months. *See* U.S.S.G. Sentencing Table for 34/V (recommending range of 235 to 293 months based on the drug offense, plus a 60-month consecutive sentence for the firearms offense). Nevertheless, the district court expressly rejected application of the "Draconian" career offender guidelines as "manifestly unfair" and as recommending an "excessive" sentence. *Morales*, 2022 WL 17326195, at \*2. The court ultimately imposed a total sentence of 216 months of imprisonment, which was a substantial downward variance from either the career-offender or non-career-offender calculation.

Accordingly, on this record, the court did not abuse its discretion by determining that the question of whether Morales was or was not a career offender was not an extraordinary and compelling reason for a sentence reduction.

4

We have considered Morales's remaining arguments and find them to be unpersuasive.

Accordingly, we **AFFIRM** the order of the district court denying a sentence reduction.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk