24-3213-cr
*United States v. Wakker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-six.

PRESENT:    SARAH A. L. MERRIAM,
            MARIA ARAÚJO KAHN,
                 *Circuit Judges*,
            ARUN SUBRAMANIAN,*
                 *District Judge*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                                        24-3213-cr

BRUCE WAKKER,

    *Defendant-Appellant*.

_____

_____

* Judge Arun Subramanian of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                          Thomas R. Sutcliffe, Assistant United States Attorney of Counsel (Todd Blanche, Acting Attorney General; John A. Sarcone III, First Assistant U.S. Attorney; *on the brief*), Syracuse, NY.


FOR DEFENDANT-APPELLANT:    James Branden, Law Office of James M. Branden, Staten Island, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION,** the December 2, 2024, judgment of the District Court is **AFFIRMED**.

Defendant-appellant Bruce Wakker appeals from a judgment of the United States District Court for the Northern District of New York. Wakker was convicted by a jury on all three counts of an Indictment charging him with one count of attempted coercion and enticement of a minor, in violation of 18 U.S.C. §2422(b), and two counts of attempted transfer of obscene material to a minor, in violation of 18 U.S.C. §1470. Wakker argued that he was entrapped into committing the charged offenses, and the District Court instructed the jury on that defense. On appeal, Wakker contends that there was insufficient evidence to support his convictions, because he made out an entrapment defense; specifically, he contends that the trial evidence established that "the government induced the crimes to which Mr. Wakker had no predisposition." Wakker Br. at 2.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## STANDARD OF REVIEW

This Court "review[s] preserved challenges to the sufficiency of the evidence *de novo* and unpreserved challenges for plain error." *United States v. Orelien*, 119 F.4th 217, 222 (2d Cir. 2024) (citation modified). "A court reviewing a conviction entered pursuant to a jury verdict for sufficiency of the evidence must affirm the conviction if it determines that after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Smith*, 896 F.3d 592, 593-94 (2d Cir. 2018) (citation modified); *see also United States v. Runner*, 143 F.4th 146, 157 (2d Cir. 2025).

The government contends that we should review for plain error because Wakker did not challenge, before the District Court, the sufficiency of the evidence to overcome his entrapment defense. *See* Gov't Br. at 34-35. In his Rule 29 motion for a judgment of acquittal in the District Court, Wakker "stated a ground different from what he now urges on appeal," *United States v. Delano*, 55 F.3d 720, 726 (2d Cir. 1995), arguing that there was no "proof that [he] knew that [the fictional minor] was under 16 years old," Gov't App'x at 536. Wakker did not file a reply brief in this Court, and thus has not responded to the government's assertion. In any event, whether we review Wakker's entrapment argument *de novo* or for plain error, his challenge fails.

## DISCUSSION

The charges on which Wakker was convicted arose out of an undercover operation. An agent posing as a 35-year-old mother of a nine-year-old female child responded to an advertisement posted by Wakker seeking a sexual partner. In her

3

response to the advertisement, the agent stated: "Mom here into fam[ily] taboo if you're real hit me up." Presentence Report ("PSR") at ¶7. Wakker responded: "Very interested in learning more about you! I am into that too . . . ." *Id.* Wakker then provided his cell phone number and town of residence to the agent, who texted him on that number. In their first conversation, Wakker said it was "[n]ice to find like minded partners" and the agent stated: "[I]nto some fam taboo here if that works for u. Not for everyone." *Id.* Wakker responded: "No judgement whatsoever. Totally open minded." *Id.* Over the next seven months, Wakker and the agent exchanged nearly 12,000 messages, including some in which Wakker believed he was communicating with the fictional minor daughter; those conversations were sometimes sexually explicit, describing in detail the sexual activities in which Wakker wished to engage with the minor. Wakker also sent sexual devices to the agent and gave the agent descriptions of "how [she] and her daughter could use them." PSR at ¶14. Wakker asked repeatedly about arranging to meet with the agent and the fictional minor, and a meeting was arranged. When Wakker arrived at the meeting location, and proceeded to where he believed he would meet the minor for sexual contact, he was arrested.

At trial, Wakker raised several defenses, including an entrapment defense. That is the only challenge he pursues in this appeal.

"[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988). "The defendant bears the burden of presenting credible evidence of government inducement. If the

4

defendant sustains that burden, the prosecution must prove predisposition to commit the crime beyond a reasonable doubt." *United States v. Kopstein*, 759 F.3d 168, 173 (2d Cir. 2014) (citation modified).[1] "The first element – inducement – is relatively straightforward. It happens when the government has initiated the crime." *United States v. Cabrera*, 13 F.4th 140, 146 (2d Cir. 2021) (citation modified).

The government does not dispute Wakker's assertion that "there was some 'credible evidence of inducement.'" Gov't Br. at 36-37 (quoting *Cabrera*, 13 F.4th at 146). "The question therefore is whether the government met its burden of proving beyond a reasonable doubt that [Wakker] was predisposed to commit the crime." *United States v. Salerno*, 66 F.3d 544, 547 (2d Cir. 1995). When a jury has "found beyond a reasonable doubt that the government established predisposition . . . we view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Flores*, 945 F.3d 687, 717 (2d Cir. 2019).

"A defendant is predisposed to commit a crime if he is ready and willing without persuasion to commit the crime charged and awaiting any propitious opportunity to do so." *Salerno*, 66 F.3d at 547 (citation modified). "The government may show that a defendant was predisposed to commit the crime charged by demonstrating: (1) an existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for

---

[1] We have recently clarified that "the defendant has the burden to produce 'some credible' evidence – but need not prove by a preponderance of the evidence – that the government induced him to commit the crime." *United States v. Cabrera*, 13 F.4th 140, 147 (2d Cir. 2021) (citation modified).

5

which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement." *United States v. Al-Moayad*, 545 F.3d 139, 154 (2d Cir. 2008) (citation modified).

We conclude that there was sufficient evidence to permit a rational juror to find, beyond a reasonable doubt, that the government established predisposition under the third option described above, by showing that Wakker had "a willingness to commit" the charged offenses, "as evidenced by [his] ready response to the inducement." *Id.* (citation modified).

The evidence revealed Wakker's "ready and unhesitating response to [the undercover agent's] inducement." *United States v. Mayo*, 705 F.2d 62, 69 (2d Cir. 1983). As described above, Wakker responded favorably to the agent's reference to "fam taboo." He provided his cell phone number without any request for it, and he continued the discussions even after the agent acknowledged that such "taboo" incestuous activity was "not for everyone." PSR at ¶7. Wakker's "prompt acceptance of the government-sponsored invitation to" engage in sexual conduct with a minor (and her parent) "provided sufficient evidence for the jury to conclude that the prosecution had proven beyond a reasonable doubt that [Wakker] was predisposed to commit the crime charged." *United States v. Harvey*, 991 F.2d 981, 992-93 (2d Cir. 1993); *see also Salerno*, 66 F.3d at 547-48 (finding the government introduced sufficient evidence that defendant was predisposed to commit the crime of conviction given that he "readily agreed to" the government's inducement).

6

Wakker's conduct after the agent's initial inducement also established his predisposition to commit the offenses. "Predisposition may be proved by evidence of 'independently motivated behavior that occurs after government solicitation begins.'" *United States v. Cromitie*, 727 F.3d 194, 209 (2d Cir. 2013) (quoting *United States v. Squillacote,* 221 F.3d 542, 565-66 (4th Cir. 2000)). The government introduced over 12,000 messages exchanged by Wakker and the agent over the course of seven months. These messages included Wakker independently messaging the fictional minor and asking her if she engaged in sexual activity with her mother; Wakker suggesting, and ultimately purchasing and sending of his own accord, multiple sex toys for the mother and daughter to use; Wakker electronically sending the fictional minor obscene materials and unsolicited graphic images; and Wakker describing in detail the sexual activity he hoped to engage in with the fictional minor. Additionally, it was Wakker who "planned the logistics of meeting with [the agent and her fictional daughter] and, ultimately, traveled to meet [them] at the appointed time and place" for the purpose of engaging in sexual conduct. *United States v. Brand*, 467 F.3d 179, 195 (2d Cir. 2006), *abrogated on other grounds by Cabrera*, 13 F.4th 140; *see also* PSR at ¶36.

Finally, Wakker showed no reluctance or hesitation to engage in the offense conduct, further establishing his predisposition. *See Salerno*, 66 F.3d at 548. Only twice in the seven months during which he communicated with the agent did Wakker express any concerns at all, and even those were not doubts about the conduct itself, but about the risks if he were caught. On the first occasion, Wakker said: "I believe you are for real but then I have the terrible thought you aren't. . . . I am completely guilty of many things if

7

anyone was charging me. I fulfilled a lifetime career without ever having an incident. And now I am in deep shit with you." Gov't App'x at 817. When the agent offered Wakker an out, saying, "if u need to not be involved w us I totally understand," Wakker replied: "I'm not going anywhere." *Id.* at 817-18. On the second occasion, Wakker said: "I have been thinking about jail." *Id.* at 844. But again, Wakker continued the communications, and "whatever reluctance [Wakker] displayed quickly evaporated." *Salerno*, 66 F.3d at 548.

In sum, the evidence was sufficient to establish beyond a reasonable doubt that Wakker was predisposed to commit the offenses of which he was convicted, and the jury reasonably rejected his entrapment defense.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court